[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-13280
Non-Argument Calendar

_____

D.C. Docket No. 5:16-cv-00034-LC-EMT

GABRIEL GONZALEZ,

Plaintiff - Appellant,

versus

KENDES ARCHER,
M.D.,
CONNIE COPELAND,
RYLES,
Health Services Administrator,
PELT,
Assistant Health Services Administrator,
KATIE WATSON,
Chief Pharmacist, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 15, 2021)

Before MARTIN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Gabriel Gonzalez, proceeding *pro se*, appeals the district court's denial of his objections to its underlying grant of summary judgment to Kendes Archer, Connie Copeland, Gretchen Ryle, Natalie Pelt, Katie Watson, Nicole English, and Melanie Alexander (collectively, "the defendants"), finding that Gonzalez failed to state a *Bivens v. Six Unnamed Federal Agents*, 403 U.S. 388 (1971), claim for deliberate indifference.  On appeal, the defendants have moved for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

"When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).  For an argument to be sufficiently briefed on appeal, the argument must include the

2

appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A).

We review a district court's denial of a Fed. R. Civ. P. 60(b) motion for abuse of discretion. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000). Under Rule 60(b), the district court may relieve a party from a final judgment based on mistake or excusable neglect, and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).

*Pro se* pleadings are held to a less stringent standard than counseled pleadings and, therefore, are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, *pro se* litigants are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

As an initial matter, while neither party briefs this issue on appeal, Gonzalez's notice of appeal is not timely to appeal from the district court's summary judgment order on April 7, 2020 because his objections to the order were not timely to toll the time to appeal. Fed. R. App. P. 4(a)(1)(B). Because we have construed Gonzalez's motion for objections to the underlying grant of summary judgment as a post judgment Rule 60(b) motion, his notice of appeal is timely as to the district court's

3

order denying his objections.  However, Gonzalez's appeal from a denial of a Rule 60(b) motion will not bring up the underlying judgment for review, because the appeal was untimely as to the underlying judgment.  *See Browder v. Dir. Dep't of Corr. Of Ill.*, 434 U.S. 257, 236 n.7 (1978).

Here, there is no substantial question that Gonzalez has abandoned any challenge to the district court's denial of his motion for objections by failing to raise any argument to that effect on appeal.  See *Groendyke Transp., Inc.*, 406 F.3d at 1162.  Even liberally construed, Gonzalez reiterates only the merits of the underlying grant of summary judgment, without even a mention of the district court's order denying his objections.  *See Tannenbaum*, 148 F.3d at 1263; *see also* Fed. R. App. P. 28(a)(8)(A).

Further, even considering the merits of Gonzalez's appeal, he failed to demonstrate that the district court abused its discretion in denying his construed Rule 60(b) motion.  *See Griffin*, 261 F.3d at 1303.  Instead, Gonzalez merely used his motion to re-litigate the same arguments he had already made in his response to the defendants' motion for summary judgment.  (*See* doc. 85).  Therefore, he did not demonstrate that the district court abused its discretion in denying his construed Rule 60(b) motion.  *See Toole*, 235 F.3d 1307, 1316.  Further, even after acknowledging that his motion was untimely, the district court stated that it conducted a *de novo* review of the motion and found that it lacked merit.

4

Accordingly, there is no substantial question that Gonzalez abandoned any challenge to the district court's grant of summary judgment and that, even considering the merits, the district court properly denied his post judgment motion. Therefore, the defendants' motion for summary affirmance is GRANTED and their motion to stay the briefing schedule is DENIED as moot.